## No. 2094.—William F. Palmer *v.* Philip S. Petty.

A purchased at probate sale a lot of untanned hides then in the tan vats which were on the plantation, together with a lot of tan bark and the tools necessary to finish tanning out the leather. B purchased the plantation at the probate sale, on which the tan yard is situated, who brings this suit against A for the use of the tan yard, etc. Held, That—inasmuch as no contract or agreement between A and B is shown about the use of the tan yard, and the *proces verbal* of the sale shows that A purchased the leather then in the tan, together with the tools and bark, he is entitled to the use of the tan yard free of costs for tanning out the leather.

APPEAL from the Seventh Judicial District Court, Parish of West Feliciana. *Cooley*, J. *Powell*, for plaintiff. *Wickliffe & Miller*, for defendant.

Taliaferro, J. In the latter part of the year 1865, the plaintiff purchased at a probate sale of the succession of G. B. and M. E. Petty, deceased, the plantation belonging to the estate, and the defendant bought a large quantity of hides in the tan vats of the tannery on the place. These hides were undergoing the process of tanning at the time of the purchase, and the defendant continued the operation, using the same vats for the purpose. Nearly a year seems to have elapsed before all the hides were converted into leather and removed. The plaintiff sued the defendant for the use of the tannery, and also for board during the time he was occupied with the work; his entire claim being stated at six hundred and thirty dollars with interest. In the lower court this claim was rejected, and judgment rendered in favor of the defendant. The plaintiff has appealed.

A review of this case inclines us to coincide with the judge *a quo* in the opinion that the plaintiff has failed to establish his claim. It is not shown that there was any definite contract or understanding entered into between the parties on the subject. The only evidence on the record going to show that the defendant agreed to pay anything for the use of the vats, is the testimony of the plaintiff himself, and that is vague and indeterminate. He says: "There was no stipulated price between the plaintiff and defendant for the use of the tan yard, but defendant expressed himself as willing to pay whatever was right. I rather think I called on the defendant several times to know what price he was going to pay for the use of the tan yard, or rather that he noti-

fied the defendant that he could not have the use of the tan yard any longer until the price was agreed upon. I did call upon him more than once. There was no agreement as to the price, but defendant was willing to leave it to arbitration."

" At the winding up, and after he had got through with the use of the yard, defendant refused to leave it to arbitration, and said that it was not a case that admitted of arbitration."

The defendant, in his testimony, states that he "purchased the leather sold at the succession sale of G. B. and E. Petty, deceased, and also the bark and tools, with the intention of tanning out and finishing the leather in the yard. Some time after the sale, applied to Dr. Palmer to take his dinner there when witness was there, for which he promised to pay him. He rather declined receiving anything, inasmuch as he and witness were somewhat connected by marriage. Witness insisted on paying, and then and there gave him three or four dollars for the meals he had taken up to that time, and expressed his intention of paying for the meals he should take afterwards. Witness, while there, made his (Palmer's) wife a present of some bacon and sugar."

It appears that the defendant resided some six or seven miles from the tan yard, and was in the habit of going there from home to attend to his leather, and of returning at night, never, remaining all night at Palmer's. He was during this period also occupied in attending to the finishing some leather at Dr. Norwood's tan yard in the neighborhood.

It appears that the defendant offered to prove by the sheriff who made the probate sale, and by two other witnesses, that the leather was sold with the express agreement that the purchaser should have the privilege of the tan yard to complete the tanning and finishing off of the leather. This evidence was refused, and the defendant reserved his bill of exceptions. This we do not deem it necessary to pass upon. From the *proces verbal* of the sale it appears that the defendant purchased about seven hundred hides then in the vats, at the cost of about $1300, a lot of tan bark in the woods, and some other things necessary in tanning. Under the circumstances, and all the facts disclosed, we think it reasonable to suppose that the defendant would not have purchased the hides without being allowed the use of the tan yard to complete the operation of tanning and converting them into leather.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs in both courts.